1

2

3

4

5

6

7

8

9

10                    IN THE UNITED STATES DISTRICT COURT

11               FOR THE EASTERN DISTRICT OF CALIFORNIA

12   KAREN L. SHEWMAKER,

13            Plaintiff,                    No. CIV S-04-0753 PAN

14        vs.

15   JO ANNE B. BARNHART,
     Commissioner of Social Security,
16
                Defendant.                  <u>ORDER</u>
17   _____/

18            Pending before the court is plaintiff's motion for an award of attorneys' fees under

19   the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1).  Plaintiff seeks fees based on

20   37.5 hours in 2004 at the rate of $151.65 per hour for attorney time ($5,686.87) and 6 hours in

21   2005 at the rate of $154.06 per hour ($924.36), for a total amount of $6,611.23.  Defendant

22   contends fees under the EAJA should not be awarded because the government's position was

23   substantially justified.  In the event fees are awarded, defendant contends that the amount of

24   hours claimed is unreasonable.  In the reply, plaintiff seeks to augment her claim by an additional

25   6.3 hours at $154.06 per hour ($970.57) for attorney time expended on preparing the reply, for an

26   adjusted total amount of $7,581.80.

                                         1

A.  Substantial Justification

The EAJA provides that the prevailing party in a civil action against the United States may apply for an order for attorneys' fees and expenses within thirty days of final judgment in the action.   An applicant for Social Security benefits receiving a remand under sentence four of 42 U.S.C. § 405(g) is a prevailing party, regardless of whether the applicant later succeeds in obtaining the requested benefits.  Shalala v. Schaefer, 509 U.S. 292 (1993).   In this case, the matter was remanded under sentence four pursuant to the order of the court on cross-motions for summary judgment.  See Order filed May 12, 2005.  Plaintiff thus is entitled to an award of fees under the EAJA.  The court must allow the fee award unless it finds that the position of the United States was substantially justified.  Flores v. Shalala, 49 F.3d 562, 568-69 (9th Cir. 1995).

The burden of establishing substantial justification is on the government.  Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001).  In Pierce v. Underwood, 487 U.S. 552 (1988), the Supreme Court defined "substantial justification" as

> 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person.  That is no different from the 'reasonable basis in both law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue.

Id. at 565.  A position does not have to be correct to be substantially justified.  Id. at 566 n.2; see also Russell v. Sullivan, 930 F.2d 1443, 1445 (9th Cir. 1991), receded from on other grounds, Sorenson v. Mink, 239 F.3d 1140 (9th Cir. 2001); Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th Cir. 2002).

In determining substantial justification, the court reviews both the underlying governmental action being defended in the litigation and the positions taken by the government in the litigation itself.  Barry v. Bowen, 825 F.2d 1324, 1331 (9th Cir. 1987), disapproved on other grounds, In re Slimick, 928 F.2d 304 (9th Cir. 1990).  Where the underlying government action was not substantially justified, it is unnecessary to determine whether the government's

2

1 litigation position was substantially justified.  Andrew v. Bowen, 837 F.2d 875, 880 (9th Cir.

2 1988).

3            Defendant contends the government's position was substantially justified.  In

4 support of this contention, defendant essentially puts forth the same arguments submitted in

5 support of the government's cross-motion for summary judgment.  Although defendant is correct

6 that the government can lose on the merits and its position still be substantially justified for

7 purposes of EAJA, defendant's argument in this instance is unavailing.  In reviewing the

8 transcript, briefing on the plaintiff's motion for judgment on the pleadings, defendant's cross-

9 motion for summary judgment and order reversing the denial of benefits with directions to award

10 benefits, the court has determined defendant's position had no reasonable basis in either law or

11 fact.  The ALJ failed to give Dr. Bibelheimer's opinion the weight due as plaintiff's treating

12 physician and mischaracterized the medical evidence by failing to seek clarification of Dr.

13 Claydon's statements.  See, e.g., Sampson v. Chater, 103 F.3d 918 (9th Cir. 1996) (position not

14 justified where ALJ mischaracterized medical evidence and failed to take adequate account of

15 testimony).  The government's position thus was not substantially justified and fees under the

16 EAJA therefore will be awarded.

17            B.  Reasonable Fee

18            Defendant contends that the hours expended by plaintiff's counsel are

19 unreasonable.  In this regard, 28 U.S.C. § 2412(d)(2)(A) expressly provides for an award of

20 "reasonable" attorney fees.  However, "there is more to deciding what is a 'reasonable' fee than

21 calculating a reasonable expenditure of hours times a reasonable rate."  Atkins v. Apfel, 154 F.3d

22 986, 989 (9th Cir. 1998)(citing Hensley v. Eckhart, 461 U.S. 424 (1983)).  The court must also

23 consider "'the relationship between the amount of the fee awarded and the results obtained.'"  Id.

24 (quoting Hensley, 461 U.S. at 437.)  See also Commissioner, INS v. Jean, 496 U.S. 154 (1990).

25            Here, plaintiff's counsel secured a remand for the payment of benefits.  Defendant

26 argues that the claimed 43.8 hours of attorney time is excessive.  The undersigned declines to

3

1  conduct a line-by-line analysis of counsel's billing entries.  See, e.g., <u>McDannel v. Apfel</u>, 78 F.

2  Supp. 2d 944, 954 (S.D. Iowa 1999); <u>Stewart v. Sullivan</u>, 810 F. Supp. 1102, 1107 (D. Haw.

3  1993).  However, having carefully reviewed the pending motion, the court finds the claimed 43.8

4  hours is a reasonable amount of attorney time to have expended on this matter.  While the issues

5  presented were straightforward, and while the court is mindful of the expertise of plaintiff's

6  counsel, 43.8 hours is comparable to the amount of time devoted to similar tasks by counsel in

7  other social security appeals coming before this court.  The court also appreciates that social

8  security cases are often fact-intensive and is aware of the successful result obtained by counsel.

9  Therefore, counsel for plaintiff is entitled to an EAJA fees award of $7,631.80, which can be

10  broken down as follows:

11              2004:  37.5 hours X $151.65 =        $5,686.87
               2005:   6.00 hours X $154.06 =        $  924.36
12                      6.30 hours X $154.06 =        $  970.57

13                                                    $7,581.80

14  The court will order that the motion for attorney fees under EAJA be granted and that counsel for

15  plaintiff be awarded a total EAJA award of $7,581.80.

16              Accordingly,  IT IS HEREBY ORDERED that:

17              1.  Counsel for plaintiff's August 5, 2005 petition for attorney fees is granted; and

18              2.  Fees pursuant to EAJA are awarded to counsel for plaintiff in the amount of

19  $7.581.80.

20  DATED:  July 21, 2006.

21

22

23                            UNITED STATES MAGISTRATE JUDGE

24  /001; shewmaker.eaja

25

26

4